IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| AARON WAYNE WALLER | § | |
|---|---|---|
| VS. | § | CIVIL ACTION NO. 9:13cv106 |
| DIRECTOR, TDCJ-CID | § | |

### ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Aaron Wayne Waller, an inmate confined at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, filed the above-styled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The court previously referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to 28 U.S.C. § 636 and applicable orders of this court.

The respondent has filed a motion urging that this matter be dismissed as barred by the applicable statute of limitations. The Magistrate Judge has submitted a Report and Recommendation of United States Magistrate Judge concerning the motion. The Magistrate Judge recommends the motion be granted.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and pleadings. Petitioner filed objections to the Report and Recommendation.

The court has conducted a *de novo* review of the objections. After careful consideration, the court is of the opinion that the objections are without merit. Petitioner states that he was unable to file his federal habeas petition in a timely fashion because he was not informed his direct appeal had been denied in time to file a petition for discretionary review and did not know who his attorney was at that time. However, in petitioner's first state application for writ of habeas corpus, dated February 12, 2007, he correctly states the date on which his direct appeal was denied and states that counsel did not inform him of the denial of his appeal until after the

time period for filing a petition for discretionary review had expired. As a result, petitioner was aware in 2007, more than six years prior to the date on which the current petition was filed, of the facts supporting his contention that counsel was ineffective for failing to inform him his direct appeal had been denied in time to file a petition for discretionary review. The one-year period of limitations had therefore expired before the current petition was filed.

In addition, the court notes that petitioner contends he is actually innocent of the offense for which he was convicted and that the Supreme Court has held that the expiration of the applicable statue of limitations can be overcome by a showing of actual innocence. *McQuiggins v. Perkins*, 133 S.Ct. 1924, 1928 (2013). However, a petitioner will not be considered to have established actual innocence unless "he persuades that district court that, in light of new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id*. Petitioner has failed to satisfy this standard. While he states a DNA test would establish his innocence, no such test has been conducted. As a result, there is no new evidence in the record that would have prevented a reasonable juror from concluding petitioner was guilty.

ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED** as the opinion of the court. The respondent's motion to dismiss is **GRANTED**. A final judgment shall be entered dismissing this petition in accordance with the recommendation of the Magistrate Judge.

In addition, the court is of the opinion petitioner is not entitled to a certificate of appealability. An appeal from a judgment denying federal habeas relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253. The standard for a certificate of appealability requires the petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84; *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004). To make a substantial showing, the petitioner need not demonstrate that he would prevail on the merits. Rather, he must demonstrate that the issues he raises are subject

to debate among jurists of reason, that a court could resolve the issues raised in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability should be resolved in favor of the petitioner, and the severity of the penalty imposed may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

In this case, the petitioner has not shown that the issue of whether his petition is barred by the applicable statute of limitations is subject to debate among jurists of reason. The factual and legal issues raised by petitioner have been consistently resolved adversely to his position and the questions presented are not worthy of encouragement to proceed further. As a result, a certificate of appealability shall not issue in this matter.

So **ORDERED** and **SIGNED** this **21** day of **March, 2014.**

_____
Ron Clark, United States District Judge